We're still at your service, Mr. Lewis. I appreciate the court's indulgence, Your Honor. Three for the price of one. I'm not sure it was the same price. My client's sitting at the table. He may have an opinion on that. Please proceed. Thank you, Your Honor. I start by noting what I started to say at the prior argument, which is that the court admitted there's no renal effect in the prior art. Accordingly, there's no prima facie case of obviousness. Interestingly here, this was not a case in which the board identified the issue of obviousness by inherency. The board made the rejection, admitting there was no renal effect, but instead they discounted the various steps in the claims of reviewing, prescribing, directing, in the nature of what is informed to physicians in dealing with the concept that there is a renal difference. A labeling case, right? Now, they called it a labeling case. The board called it a labeling case. They called it an informing case, and they called it only informing the patients. And although this applies to the label, Your Honor, it also applies to the other gerunds, the other verbs, the other action items that are related. You have the same issue, though, here, where you're informing step is not functionally related at all to your providing step. And so we're back to the point that Judge Moore made insightfully in our last case. No correlation there. I do think there is a correlation, Your Honor, because in most of the label cases, the claims have been written as informing the patient. These claims are not so limited. This is informing. This is informing the medical community. This is informing the doctor who's got to be responsible for deciding how to properly treat a patient, not overly dope them up with this opioid. And by informing... If that's the case, can't you go back and refile or in some way resubmit and make that link connection clear? Well, after you remand this case, we may forward claims that put out that link. But we're not reviewing your hypothetical redrafted claim. We're reviewing this one. And without that link, can you win? That's not a hypothetical. You know, we've got three claims that are presented on appeal. We have one that requires informing or providing information. We have one that talks about reviewing and then prescribing. And we have one that talks about packaging and providing. But none of them say take the information and vary the dosage according to the information under the following formula. We never get that. But it is implicit in first saying that the actor has to review the information and then prescribe based upon that information. And I've added based upon the information, but that's the clear import of Claim 25, is that we review the information, and it sets it out, and prescribing a therapeutically effective amount. Do you think you need to say that? Do you think you need to make the link? I think it's implicit. I don't think it needs to be explicitly written out. I think all three of the independent claims read in context or read in context of what was said in prosecution make clear that this is just not providing information in a vacuum, but is telling the physician how to deal with patients who have or don't have a renal issue, but saying whatever patient you prescribe to, you have to evaluate their renal status. There's nothing that directly, though, links the two, the reviewing and the prescribing. There's nothing that suggests, well, based upon what you find on your review, then you adjust the dose accordingly. I think that there is nothing in the claim that is explicit to that, but I think it is contextual from the claim, and I think it's explicit in the prosecution history. I think if you look at the declarations talking about how to deal with it, and if you look at the arguments made, particularly in the Board of Appeals briefing, it's clear that that is the context in which this is being presented. And the failure of the Board to look at these claims in their entirety, to put together all of the different verbs, gerunds, whatever you want to talk about, the different clauses, and look at the claim as a whole instead of slicing it up into smaller pieces, that's a failure of law. Read the King case on your case and make a relevant distinction if you can. Well, number one, King again was discussing something that was in the priority. Number two, King talked about that there was no focus on the informing limitation, and I'm talking about page 1277 of the King case. The King case focused on informing and then looked at this in the section 101 context. In the King case, what was being discussed was a patentability conversation in terms of whether this was statutory subject matter. It was not an obviousness inquiry. We are on an obviousness inquiry here. We've already passed under the PTO guidelines, the PTO is required to do the 101 analysis before it gets to any substantive review based upon prior art. So PTO has already agreed that this is statutory subject matter by having stepped beyond that question. The King case, the instruction was take it with food. There were lots of pieces of prior art that already said take the medicine with food. What was at issue was that it was not known that when you take it with food, you get a certain difference in biologic effect. The prior art had said take it with food either because it was better for having patients remember to take the pill or take it with food because it caused less gastric upset. I think in King the point was that the only thing you'd added was informing the patient of this additional property, right? The property was already known. All you really were claiming was informing the patient. That was the essential argument was that informing the patient somehow would make better compliance, which was discounted by the court also. But isn't that what's going on here? No, Your Honor. Judge Glynn, this is a situation where the informing is not limited to the patient. This is an informing that can be acted on by the physician, by the medical professional, in deciding how to appropriately prescribe medication. This is much broader than just informing a patient who really has no role in the prescribing process. I mean, the patient's almost the victim. Do you have claims to that acting on this information? Not in this case, Your Honor. But in other patents, I think you do, don't you? Have claims on how you would dose for a person with renal? There is a continuation of the Addie case, and I honestly do not know what are in those claims. That's being handed by other counsel. We've touched on the King case. I would similarly say the application of the Nagai case and the Gulak case and the Miller case. Nagai is inappropriate. This is not just a labeling case, as I made earlier. And, of course, I would reference the earlier discussions, the earlier argument made in appeals 1307 and 8 on the issue of secondary indicia and why even if there is a prima facie case, it is overcome. If there's no questions, I would reserve the remainder of my time. Okay. Thank you, Mr. Lewis, and we'll hear this time from Mr. Wood. May it please the Court? Mr. Lewis is correct that the claim at issue here, claim 21, is not limited to providing information to the patient. However, the claims cover informing the patient, and if that's not clear from the language where there is no particular, the language of the claim, rather, where there's no particular explicit limitation, then it is clear from the specification where, for example, paragraph 9 on page A178, where the specification discusses informing the patient or the patient's prescribing physician. So these claims are broad enough to cover the situation where only the patient is provided the information. And as Mr. Lewis said, that there's no connection between informing the patient and adjusting the dose. I'd like to ask you a question that is very similar to the one that I had asked Ms. Blanche. If this instead had been written in the form of a claim with regard to action, meaning dose at 26% less when a person has renal failure, that we wouldn't be here on the same types of references with the same rejection. That's correct, Your Honor. That would be a different case, and we would not, that would, it would not be an informing step. It would be an adjusting the dose step, and that would, so the applicability of King-Pharma would, well, King-Pharma would not be applicable. Let me also address- King disposes of this case, in your mind? I believe it does, Your Honor. And I'd like to address the, Mr. Lewis's comment about the King case. First of all, the limitation, the informing limitation in King was actually not known in the art. It was informing about the connection between bioavailability and taking the Metaxilone with food, and that was not known in the art. So, in fact, the informing step did provide information that was not known in the art, and nonetheless the court found that it did not patently distinguish the administering step. Or, I'm sorry, did not patently add patentability to the claim as a whole. Number, the other thing is King dealt not only with 102 anticipation, but 103 obviousness, and that's clear from their discussion of Claim 5. Excuse me. On, at page 1280 and 1281, Claim 5 incorporated the informing limitation and also an additional limitation to unit dosage form. And following the discussion of the claim with the informing step, that necessarily, that discussion is necessarily incorporated with their discussion of Claim 5 because it includes that informing step. Let's see. At bottom, the board correctly found that there was no functional relationship between the informing step and the... Does it matter if the information is not known? No, it doesn't matter if the information is not known. It's whether there's a functional relationship. Let me also just back up and clarify. The board's rejection was, or analysis, was whether or not there was a functional relationship between the informing step and the administering step. That was also the director's analysis. The word inherent was used only to characterize the information that was provided in the informing step. There is no rejection based on the doctrine of inherency. I notice the panel has additional questions. I yield the rest of my time. Thank you. Mr. Lewis, you have two minutes remaining. I'll try not to use all of that. I just want to point out, quite simply, that what we've dealt with today in all three of these appeals, but certainly here in the Addie A appeal, is the board must support a rejection on the record. We have the Thrift case. We have the Sang-Soo Lee case. We have the Kahn case, which says that the rejections cannot be conclusory. A lot of the problems we've had in this oral argument have been the failure of the board to make those statements directly. The burden of prima facie evidence is on the board. They have failed to do so. And so we submit that this claim is allowable, and the action of this court should be to reverse. Thank you, Mr. Lewis. That concludes our morning. All rise. Court is adjourned until tomorrow morning at 10 a.m.